IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMPETITIVE GOLF ADVANTAGE LLC, DAVE MACPHERSON, and ANDREW TREDWAY, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-21-3091 |
| ELITE GOLF TECHNOLOGY, LLC, *et al.*, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

As with most things in life, golf is easier with a roadmap. Competitive Golf Advantage, LLC, and Elite Golf Technology, LLC, known as Strackaline, both sell golf tournament books that detail yardage and green maps for golf courses. In September 2021, Strackaline notified Competitive Golf that it was infringing on Strackaline's federal trademark registration for the design mark, "THE BOOK," by placing the mark on Competitive Golf's website, http://www.puttviewbooks.com ("Putt View"). (Docket Entry No. 1 at ¶ 15). Competitive Golf sued, seeking a declaratory judgment of noninfringement, alleging that Competitive Golf does not use the mark as a brand identifier and that Strackaline has not used the mark as a brand identifier since at least 2002. (*Id.* at ¶¶ 17–18).

Competitive Golf also alleged that Strackaline's owner, James Stracka, and its employees, Chase Stracka and Justin Porter, engaged in defamatory attacks on Competitive Golf's managing members, Dave Macpherson and Andrew Tredway, both former Strackaline employees. Accusing James Stracka of "abusive and immoral behavior," Competitive Golf, Macpherson, and Tredway allege that he and Chase Stracka and Justin Porter defamed them by: (1) "[c]ontacting third parties

for the purpose of calling [] Macpherson and [] Tredway a 'fraud'"; (2) "[c]ontacting third parties for the purpose of labeling [] Macpherson and [] Tredway as illegitimate and/or immoral businessmen"; and (3) "[c]reating fake social media profiles for the purpose of posting messages calling [Macpherson, Tredway, and Competitive Golf] 'frauds' and disparaging [their] goods and services." (*Id.* at ¶ 39).

James and Chase Stracka and Porter have moved to dismiss under Rule 12(b)(2), asserting lack of personal jurisdiction. (Docket Entry Nos. 13, 14). Macpherson, Tredway, and Competitive Golf responded, and the Strackas and Porter replied. (Docket Entry Nos. 21, 22).

Based on the pleadings, the motions and replies, the record, and the law, the court grants the Strackas' and Porter's motion to dismiss for lack of personal jurisdiction. Strackaline remains in the case. The reasons are explained below.

I.      The Personal Jurisdiction Standard under Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction. The plaintiff has the burden of establishing jurisdiction by prima facie evidence. *Frank v. PNK (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020). "To determine whether the plaintiff has met this burden, the court can consider the assertions in the plaintiff's complaint, as well as the contents of the record at the time of the motion." *Id.* (quotation omitted); *see also Command-Aire Corp. v. Ontario Mech. Sales & Serv. Inc.*, 963 F.2d 90, 95 (5th Cir. 1992) (when resolving a motion to dismiss based on personal jurisdiction, the court may consider "pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof"). The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts," if it does not hold an evidentiary hearing. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000)

(quoting *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). The court is not obligated to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *Frank*, 947 F.3d at 336 (citations omitted). The Texas long-arm statute confers jurisdiction to the limits of due process. *Id.* Due process permits the exercise of personal jurisdiction over a nonresident defendant when that defendant has "minimum contacts" with the forum state and the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

"'Minimum contacts' can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (citation omitted). General jurisdiction exists over a non-resident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* at 924. "Domicile requires the demonstration of two factors: residence and the intention to remain." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) (citation omitted). "A company is [] deemed 'at home' when the continuous corporate operations within a state are so substantial and of such a nature as to justify suit on causes of action arising from dealings entirely distinct from

those activities—which more than likely is the business's domicile." *Frank*, 947 F.3d at 337 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks and alterations in original omitted)). "[G]enerally, a corporation's 'home' falls in two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business." *Frank*, 947 F.3d at 337 (citing *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017)).

"Specific jurisdiction applies when a non-resident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019) (quoting *Panda Brandywine*, 253 F.3d at 868). "The non-resident's purposeful availment must be such that the defendant should reasonably anticipate being haled into court in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (citation and internal quotation marks omitted); *see also Rodeo Time Promotions LLC v. Lawrenceburg Mun. Utilities*, C.A. No. H-20-1740, 2020 WL 7322216, at *2 (S.D. Tex. Dec. 11, 2020).

**II.     Analysis**

The Strackas and Porter argue that Macpherson, Tredway, and Competitive Golf cannot carry their burden to show that the court has personal jurisdiction to hear the defamation claim in this Texas forum because they have not shown that the Strackas and Porter are citizens of Texas, or that the defamation claim arises from the Strackas' or Porter's purposeful contacts in Texas. Macpherson, Tredway, and Competitive Golf argue that the court has both general and specific jurisdiction over the Strackas and Porter due to their conduct as employees of Strackaline, a Texas limited liability company.

General jurisdiction over an individual defendant is based on a person's domicile, which is where the person resides and intends to remain. *See Goodyear*, 564 U.S. at 919; *Hollinger*, 654 F.3d at 571. Macpherson, Tredway, and Competitive Golf have alleged that James Stracka resides in Texas, and Chase Stracka and Justin Porter reside in California. (Docket Entry No. 1 at ¶¶ 7–9). James Stracka submitted a declaration that he has resided in California since 2003, not Texas. (Docket Entry No. 14-2 at ¶ 10). In response, Macpherson, Tredway, and Competitive Golf do not dispute this evidence. (Docket Entry No. 21 at 5). The complaint and the record evidence do not support an inference that the Strackas or Porter are domiciled in Texas. *See Hollinger*, 654 F.3d at 571 ("Evidence of a person's place of residence . . . is prima facie proof of his domicile." (citation omitted)). The court does not have general jurisdiction over the Strackas or Porter on the basis of their domicile.

In the alternative, Macpherson, Tredway, and Competitive Golf argue that general jurisdiction exists over the Strackas and Porter because they are employees of Strackaline, which is a Texas limited liability company, and they committed intentional or fraudulent acts that benefited Strackaline by spreading false and defamatory statements. Under the "fiduciary shield doctrine," "an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation." *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). "An exception is recognized where the individual is shown to have used the corporation as a mere alter ego." *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 677 (S.D. Tex. 2014) (citing *Tabacinic v. Frazier*, 372 S.W.3d 658, 669 (Tex. App.—Dallas 2012, no pet.)). It is also "a well-established principle" that an officer may not assert the fiduciary shield doctrine to protect him from inquiry into whether personal jurisdiction exists over his own tortious acts, even if

5

committed within the scope of his employment. *Ennis v. Loiseau*, 164 S.W.3d 698, 707 (Tex. App.—Austin 2005, no pet.).

Macpherson, Tredway, and Competitive Golf have not alleged or identified facts supporting an alter ego theory to pierce the corporate veil and attribute Strackaline's contacts to the Strackas or Porter. No basis for general jurisdiction has been established.

The second question is specific jurisdiction for the defamation claim. Macpherson, Tredway, and Competitive Golf have alleged that the Strackas contacted third parties and called Macpherson and Tredway a fraud and labeled as them illegitimate or immoral businessman. Macpherson, Tredway, and Competitive Golf have also alleged that the Strackas and Porter created fake social media profiles to disparage them. (*Id.* at ¶ 39). Macpherson, Tredway, and Competitive Golf have submitted images of social media posts and comments, emails, and text messages, including:

- a comment by user strackagolf2, one of James Stracka's alleged accounts, on a public YouTube video of Tredway, stating, "who is this Tredway guy . . . looks like a homeless guy . . . you should have asked him about why he is being sued by Strackaline . . . he is a thief";

- tweets by a Twitter user named Michael Briggs, an account allegedly run by Porter, stating, "StrackaLine all day. No comparison. PuttView is a bunch of frauds . . . PuttView is a ripoff of StrackaLine except their quality is subpar. Many issues from people who have bought their books";

- tweets by a Twitter user named ErnieWong566, an account allegedly run by Chase Stracka, stating, "I prefer StrackaLine. They started the greens book a long time ago before anyone even understood what they were. They have the most courses,

- the best data.. and the recent imitators seem a bit cheap and obvious knock-offs. You get what you pay for";

- a text appearing to be sent from James Stracka to Macpherson, stating, "Dave. As you drink your shit beer. Ponder this. I will make sure I haunt you the rest of your life in golf. I will tell everyone that you are a pos. I will crush every deal. Don't care if I lose money. Every deal. Every person. Forever."; and

- emails from the Strackas to various third parties stating that "[Tredway] and his associates stole and sabotaged StrackaLine data. The detailed logs are contained in the filings attached to this email. As you will see, [Tredway] himself displayed a venomous attitude towards me and others within StrackaLine. [Tredway] has a history of this attitude . . . I have notified all StrackaLine's collegiate customers of [Tredway's] fraud."

(Docket Entry No. 21-1).

The issue is whether the alleged defamatory statements made by the individual defendants are sufficient contacts for specific personal jurisdiction. *See Clemens v. McNamee*, 615 F3d 374, 379 (5th Cir. 2010) ("[T]he relevant contacts from which [the] cause of action arises are the allegedly defamatory remarks . . . . Therefore, the issue narrows to whether these defamatory remarks constituted purposeful availment such that [the defendant] could have reasonably anticipated being haled into a Texas court as a result of his statements.").

Macpherson resides in North Carolina; Tredway resides in Kentucky, and Competitive Golf is a Delaware Company. (Docket Entry No. 1 at ¶¶ 2–4). The Strackas and Porter are employees or officers of Strackaline, a Texas limited liability company with its principal place of business in California, and with no corporate offices in Texas. (Docket Entry No. 14-2 at ¶¶ 2–4).

7

The allegations in the complaint and the uncontroverted record evidence do not support a reasonable inference that the Strackas and Porter made their alleged defamatory statements in Texas, concerning Texas, or directed at anyone in Texas. *See Johnson v. TheHuffingtonPost.com, Inc.*, ___ F. 4th ___, 2021 WL 6070559, at *3 (2021) (personal jurisdiction did not extend over HuffPost for posting an allegedly defamatory online news article about a Texas citizen because the story did not mention Texas and used no Texas sources); *Revell v. Lidov*, 317 F.3d 467, 475–76 (5th Cir. 2002) (personal jurisdiction did not extend over a defendant who made a Columbia University web publication accusing a Texas plaintiff of a terrorist attack because the article did not mention Texas and was not aimed at Texans more than residents of other states); *cf. Calder v. Jones*, 465 U.S. 783, 788–89 (1984) (California court had personal jurisdiction over editor of a tabloid and author of a story when the story concerned California activities of a California resident and reputational harm was suffered in California).

Macpherson, Tredway, and Competitive Golf have also alleged that by working for Strackaline, the Strackas and Porter "operate commercial websites accessible in this district, directs business activities towards consumers residing in this district based upon the operation of such commercial websites, and has caused harm to Plaintiff within this district based upon its business activities and actions conducted herein." (*Id.* at ¶ 11). But the fact that the Strackas' and Porter's statements might be accessed or accessible on the internet to persons residing in Texas also does not establish "minimum contacts," without additional allegations or evidence connecting those statements to Texas. *See Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 785 (5th Cir. 2021) ("Merely running a website that is accessible in all 50 states, but that does not specifically target the forum state, is not enough to create the 'minimum contacts' necessary to establish personal jurisdiction in the forum state."); *cf. Fintech Fund, FLP v. Horne*, 327 F. Supp. 3d 1007,

1020 (S.D. Tex. 2018) (the court had personal jurisdiction over a claim brought by a Texas company when the defendant made telephone calls and sent emails to a representative of the company and knew that it was a Texas-based company).

The record does not show that the Strackas or Porter had minimum contacts with Texas, let alone purposefully availed themselves of the privilege of conducting activities in Texas, or that Macpherson's, Tredway's, or Competitive Golf's injuries arose from their activities in or directed to Texas. The motion to dismiss for lack of personal jurisdiction is granted.

### III.    Conclusion

The Strackas' and Porter's motion to dismiss the defamation claim against them for lack of personal jurisdiction, (Docket Entry No. 13), is granted. Strackaline remains a defendant, and the claims against it proceed.

SIGNED on January 3, 2022, at Houston, Texas.

                                                                                    _____
                                                                                                    Lee H. Rosenthal
                                                                                       Chief United States District Judge